IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **WILLIE LEE HUMPHREY,** *et al.*, | : |
| **Plaintiffs,** | : |
| v. | : CASE NO: 7:24-cv-85  (WLS) |
| **RYAN LOBMILLER,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss (Doc. 6) ("Motion") filed September 5, 2024. Plaintiffs did not timely respond to the Motion. Nor did they request an extension of time to respond. The Motion is ripe for review. For the reasons stated below, the Motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 26, 2024, Plaintiffs filed a Complaint for Damages (Doc. 1-1) against Defendants Ryan Lobmiller ("Lobmiller") and Western Express, Inc. ("Western Express"). The Plaintiffs allege they were injured in a two-vehicle collision that occurred on November 3, 2023, while both vehicles were exiting a Pilot Travel Station located at 4431 Union Road in Tift County, Georgia. (*Id.* ¶¶ 21–26). Plaintiff Willie Lee Humphrey ("W. Humphrey") was driving a Toyota Camry in which Plaintiffs Linda Humphrey ("L. Humphrey") and Jerry Hurley ("Hurley") were passengers. (*Id.* ¶¶ 21–23). At that time, Defendant Lobmiller was an employee of Western Express, and was operating an International tractor-trailer owned by Western Express. (*Id.* ¶¶ 25, 41). Both the Camry and the tractor-trailer were traveling westbound preparing to exit the parking lot of the Pilot Travel Station at exactly the same time (4:21 p.m.) to make a right-hand turn onto Union Road. (*Id.* ¶¶ 21–24). Plaintiffs allege Lobmiller's tractor-trailer slammed into the driver's side of W. Humphrey's vehicle, and they also allege Lobmiller hit the rear end of W. Humphrey's vehicle. (*Id.* ¶¶ 28, 30). Plaintiffs assert the following claims against the Defendants:

1

Count I – Negligence claim against Western Express, Inc.

Count II – Negligence claim against Ryan Lobmiller.

Count III – Combined and Concurring Negligence claim against both Defendants.

Count IV – Stubborn Litigiousness.

On August 27, 2025, Defendants filed a Notice of Removal (Doc. 1) to this Court. On September 5, 2024, Defendants filed their answers (Docs. 4, 5) denying any negligence on their part.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" Edwards, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In evaluating the sufficiency of a plaintiff's pleadings, the Court makes reasonable inferences in plaintiff's favor, but is not required to draw plaintiff's inference. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation and internal quotation marks omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

2

**III.   DISCUSSION**

In their Motion, Defendants move to dismiss Count IV asserting that Plaintiffs have not presented any facts that support their claims for attorney fees and costs pursuant to O.C.G.A. § 13-6-11. Defendants contend Plaintiffs have not alleged facts to show that Defendants have been "stubbornly litigious" or that the Defendants have acted in bad faith. Defendants further contend that the facts stated in the Complaint reflect that a *bona fide* controversy exists. Further, according to Defendants, Plaintiffs never made a pre-suit demand nor attempted to resolve their claims, and the Complaint does not allege Plaintiffs made any such demand.

> With respect to expenses of litigation, the Georgia Code provides:
>
> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11.

Defendants are correct. Plaintiffs have alleged absolutely no facts that show either Defendant acted in bad faith, or even facts on which the Court could reasonably infer bad faith on Defendants' part. Plaintiffs essentially include the statutory language as their allegation stating that "[e]ach of the Defendants have 'acted in bad faith, ha[ve] been stubbornly litigious, [and/or] caused [Plaintiffs] unnecessary trouble and expense' by forcing Plaintiffs to bring their cause of action and to incur legal fees and expenses for legal services." (Doc. 1-1 ¶ 69 (quoting O.C.G.A. 13-6-11)). Plaintiffs do not spell out how Defendants acted in bad faith or how Defendants have been stubbornly litigious. As Defendants point out, as alleged by Plaintiffs, the accident that resulted in this action came about because two drivers made the same turn, from the same parking lot, at the exact same time, in the exact same direction. The fact that Defendants did not give in to a prelitigation demand by Plaintiffs, if one was made, "forcing Plaintiffs to bring their cause of action and to incur legal fees and expenses for legal services" does not amount to a sufficient factual allegation of bad faith, particularly where those statements appear to be the only alleged grounds on which Plaintiffs' claim for attorney fees and costs is based.

3

Accordingly, Defendants' Partial Motion to Dismiss (Doc. 6) is **GRANTED**, and Count IV of the Complaint (Doc. 1-1) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 24th day of February 2025.

<u>/s/W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**